UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL NO. 1:08-cr-132 |
| v. | ) | |
| | ) | Hon. Liam O'Grady |
| JORGE PARADA | ) | |
| | ) | Sentencing: October 16, 2009 |

**SENTENCING POSITION OF THE UNITED STATES**

The United States of America, by and through its attorneys, Neil H. MacBride, United States Attorney for the Eastern District of Virginia, Jonathan L. Fahey, Jeanine Linehan, and Inayat Delawala, Assistant United States Attorneys, hereby files its position on the sentencing of JORGE PARADA.

**I.   INTRODUCTION**

The defendant, JORGE PARADA, is a drug dealer and a member of MS-13, a criminal enterprise that engages in vicious acts of murder and maiming in order to advance the gang. The proceeds from the drug trafficking of the defendant's MS-13 clique were used to purchase a firearm used to kill Christian Argueta.

Following a jury trial before this Court, the defendant was convicted of conspiracy to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count 7). Because of the defendant's prior drug trafficking conviction, the statutory maximum sentence for this count is 30 years' imprisonment. 21 U.S.C. §§ 841(b)(1)(c), 851.[1] The Sentencing Guidelines call for a sentencing range of 262 to 327 months, and the factors listed at 18 U.S.C. § 3553(a) support a

---

[1] The government filed an information with respect to the defendant's prior drug trafficking conviction on September 26, 2008.

sentence at the high end of this range. Accordingly, the United States seeks a sentence of 327 months' imprisonment.

## II.     ARGUMENT

### A.  THE SENTENCING GUIDELINES RECOMMEND 262 TO 327 MONTHS.

Although the Sentencing Guidelines are advisory, *United States v. Booker* provides that sentencing courts "must consult those Guidelines and take them into account when sentencing." 543 U.S. 220, 125 S. Ct. 738, 767 (2005). "[A] district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines. Then, the court shall consider that range as well as other relevant factors set forth in the guidelines and those factors set forth in [18 U.S.C.] § 3553(a) before imposing the sentence." *United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005).

The presentence report has calculated the base offense level to be 24 based upon the defendant's conviction for conspiracy to distribute cocaine. U.S.S.G. § 2D1.1(c)(8). The defendant received a two level enhancement for possession of a firearm because he possessed a firearm during the conspiracy, including on drug deals. U.S.S.G. § 2B1.1(b)(1). The defendant's threats to another witness resulted in an additional two level enhancement for obstruction of justice. U.S.S.G. § 3C1.1(a). This yields a total offense level of 28. The defendant's criminal record includes felony convictions for a controlled substance offense and a crime of violence, rendering him a career offender. U.S.S.G. § 4B1.1. Because the statutory maximum penalty is 30 years for the offense of conviction, the defendant's offense level is 34. U.S.S.G.

§ 4B1.1(b)(1). All career offenders have a criminal history VI. This yields a Guidelines range of 262 to 327 months' imprisonment. U.S.S.G. Chapter 5 Pt. A - Sentencing Table.

A sentence at the high end of this range is appropriate for three reasons. First, the defendant's drug dealing was done for the explicit purpose of supporting MS-13 in all of its activities. These activities include the harming and killing of other human beings. In particular, the drug dealing in this case enabled the clique to buy the firearm that was used to kill Christian Argueta. Second, the defendant engaged in obstructing justice during the course of the investigation. Had his obstructive conduct succeeded, the result could have been that two murderers would be free. Third, the defendant possessed a firearm during the conspiracy. Because of the defendant's career offender status, these two enhancements were effectively absorbed within the defendant's career offender status and have no effect on the defendant's Guidelines range. As a result, a sentence at the high end of the Guidelines range is the only way for the defendant to receive an appropriate sanction for these activities.

### B.  THE DEFENDANT PROPERLY QUALIFIES AS A CAREER OFFENDER.

As explained in paragraph 91 of the presentence report, the defendant properly qualifies as a career offender under U.S.S.G. § 4B1.1 due to his two prior felony convictions for a controlled substance offense and a crime of violence. U.S.S.G. § 4B1.2(a) defines a "crime of violence" as any felony offense that either

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

3

U.S.S.G. § 4B1.2(a). The defendant's 2001 conviction for assault and battery on a police officer, in violation of Okla. Stat. tit. 21, § 649(B), constitutes a crime of violence under both independent clauses of this definition. On its face, the Oklahoma statute—which applies to "any willful and unlawful use of force or violence upon the person of another," Okla. Stat. tit. 21, § 642—"has as an element the use, attempted use, or threatened use of physical force against the person of another," U.S.S.G. § 4B1.2(a)(1). Nor is it enough for the defendant to argue that Application Note 1 to § 4B1.2 only lists "aggravated assault," rather than simple assault, as an example of a crime of violence, given that "the Commentary is not meant to be an exhaustive list of all offenses qualifying as violent." *United States v. Pratt*, 913 F.2d 982, 993 (1st Cir. 1990); *see also* U.S.S.G. § 4B1.2 application note 1 (stating that "'[c]rime of violence' *includes*" certain enumerated offenses, but also referring to "*[o]ther* offenses" that fall within two-part definition) (emphases added).

Indeed, the Tenth Circuit has applied the very statute at issue here, concluding that assault and battery on a police officer under Oklahoma law qualifies as a crime of violence under U.S.S.G. § 4B1.2(a). *See United States v. Williams*, 559 F.3d 1143, 1149 (10th Cir. 2009) ("[B]attery on a police officer, as defined by Oklahoma statutes, ordinarily involves purposeful, aggressive, and violent conduct, and creates a serious potential risk of physical injury."); *see also United States v. Santos*, 363 F.3d 19, 23 (1st Cir. 2004) ("We are steadfast in our view that the crime [of assault and battery of a police officer] carries a particularly high risk of physical injury and violence. The district court was not required to look any further than the statute itself.").

Because the defendant's conviction for assault and battery on a police officer satisfies

both independent clauses of the crime of violence definition in § 4B1.2(a),[2] the Presentence Report correctly concluded that the defendant is a career offender.

### C. SECTION 3553 CALLS FOR A HIGH END SENTENCE.

Section 3553 states that a sentencing court should consider the nature and circumstances of the offense and the characteristics of the defendant. It also states that the court must consider other factors, including the need for the sentence "to reflect the seriousness of the offense, to promote respect for law, and to provide just punishment for the offense; [and] to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A), (B). In addition, the sentence should protect the public from further crimes of the defendant and provide the defendant with needed correctional treatment. 18 U.S.C. § 3553(a)(2)(C), (D). Finally, the sentence should address "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

#### 1. Imprisonment for 327 Months Is a Reasonable and Appropriate Sentence Given the Nature and Circumstances of the Offense and the Characteristics of the Defendant.

The defendant is a drug dealer. As a member of MS-13, he participated in cocaine dealing that supported the gang in all of its activities. The harm directly caused by the defendant's cocaine dealing is largely unknown. But what is known is that the cocaine sold by the defendant's clique of MS-13 was used to purchase the weapon used by his fellow gang

---

[2] On October 6, 2009, the Supreme Court heard oral argument regarding the analogous definition of a "violent felony" under the Armed Career Criminal Act. *Johnson v. United States*, No. 08-6925. Although the pending decision in *Johnson* may not directly impact the defendant's career offender status here, to forestall a potential future remand after appeal in this case, the government respectfully requests that, in sentencing the defendant, this Court address the applicability of both the first clause at U.S.S.G. § 4B1.2(a)(1) and the residual clause at § 4B1.2(a)(2).

members to kill Christian Argueta. Drug dealing is an extremely serious offense, which is made more serious in this case because the goal of the drug dealing was to support a murderous gang.

The defendant is a committed member of MS-13. His commitment to the gang appears to continue to this date. As detailed in the presentence report, the defendant was actively trying to intimidate witnesses to prevent them from testifying at the trial of his fellow gang members and himself. Although unsuccessful with the particular witness, the defendant's intimidation was a threat to the entire judicial process and could have resulted in cold-blooded killers being turned free.

The defendant will appear at sentencing with a violent criminal past and a history of drug dealing. The defendant's prior drug dealing conviction and his conviction for assaulting a police officer led to his designation as a career offender. This designation is particularly appropriate given that the defendant has devoted his life to crime. A sentence of 327 months will adequately take into account the nature of the offense and the personal characteristics of this defendant.

> **2. A 327 Month Sentence Will Protect the Public, Provide Appropriate and Reasonable Deterrence, Promote Respect for the Law, and Avoid Unwarranted Sentence Disparities.**

A lengthy sentence is required in order to protect the public from future crimes of this defendant. The defendant's crime demonstrates that he is a danger to the public when not incarcerated. The defendant's actions of obstructing justice while incarcerated and his commitment to MS-13 shows that the defendant will place the public at risk if he is not incarcerated for a lengthy period. These actions further show that the defendant has no intention of putting the gang and its criminal activities behind him. MS-13's purpose is to harm and kill other human beings. The defendant remains committed to this creed and will seek to rejoin the

gang as a full participant when released. The only meaningful way to protect the public from this defendant is to incarcerate him for a lengthy period.

In addition, the requested sentence is appropriate and necessary to provide the requisite level of deterrence and promote respect for the law. 18 U.S.C. § 3553(a)(2)(B)(c). Clearly, a lengthy sentence will deter the defendant from committing crimes while he is incarcerated. General deterrence is also an important consideration in this case. MS-13 is a gang responsible for unspeakable acts of violence and other crimes throughout the country. It is important to send the message to the members of MS-13, and those tempted to join the gang, that MS-13 members who engage in illegal activity will be caught and the punishment will be severe.

This sentence also will further promote respect for the law because it will demonstrate that the laws of the United States prevail over the rules of MS-13. It is important to show that gang members who believe they can get away with violence and use intimidation to prevent being brought to justice are wrong. MS-13 will be brought to justice one case at a time. The message must be sent that gang members who commit serious crimes will face severe punishment.

Finally, a sentence of 327 months' imprisonment will avoid unwarranted sentence disparities because other defendants who have been convicted of similar offenses and are career offenders have received similar sentences.

### III.   CONCLUSION

A sentence of 327 months' imprisonment is supported by the Guidelines and the § 3553 factors. It is a fair and just sentence. The United States, therefore, asks the Court to impose a sentence of 327 months' imprisonment.

Respectfully submitted,

Neil H. McBride
United States Attorney

By:   /s/
Jonathan L. Fahey
Jeanine Linehan
Inayat Delawala
Assistant United States Attorneys
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
Phone: (703) 299-3700
Facsimile: (703) 299-3982
jonathan.fahey@usdoj.gov
jeanine.linehan@usdoj.gov
inayat.delawala@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on the October 9, 2009, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

    John Iweanoge, II
    Attorney for the Defendant

                                               /s/
                                  Jonathan L. Fahey
                                  Assistant United States Attorney
                                  United States Attorney's Office
                                  2100 Jamieson Avenue
                                  Alexandria, VA 22314
                                  Phone: (703) 299-3700
                                  Facsimile: (703) 299-3982
                                  jonathan.fahey@usdoj.gov