UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 1:08CR132 |
| | ) | |
| RAFAEL PARADA-MENDOZA, | ) | Honorable Liam O'Grady |
|    a.k.a. "Cheve," "Chevi," "Cheby," | ) | |
| | ) | Sentencing: October 16, 2009 |
| GABRIEL HOSMAN PEREZ-AMAYA, | ) | |
|    a.k.a. "Dandy," | ) | |
| | ) | |
| JORGE PARADA, | ) | |
|    a.k.a. Enrique Blanco Hernandes, | ) | |
|    a.k.a. "Rama," | ) | |
| | ) | |
|    Defendants. | ) | |

**GOVERNMENT'S AMENDED REPLY TO DEFENDANT PARADA'S
SENTENCING MEMORANDUM**

The United States of America hereby replies to defendant Jorge Parada's sentencing memorandum filed on October 14, 2009 (Doc. 302).

The defendant requests that his sentence be reduced by over half of the advisory guidelines range calculated by the presentence report. In so arguing, the defendant claims, among other things, that (1) he should not receive an enhancement for possessing a firearm or obstructing justice; (2) the drug quantity at issue was not reasonably foreseeable to the defendant; (3) he should not be sentenced as a career offender; (4) he is entitled to a minor role reduction pursuant to U.S.S.G. § 3B1.2; and (5) he should receive downward departures based on illegal alienage and coercion/duress. For the reasons stated below, none of these reductions are warranted.

**Firearm Enhancement**

The presentence report accurately reflects that U.S.S.G. § 2D1.1(b)(1) mandates in this case a two-level increase for the defendant's possession of a firearm. Section 2D1.1(b)(1) provides that a defendant's base offense level should be increased by two levels "[i]f a dangerous weapon (including a firearm) was possessed." U.S.S.G. § 2D1.1(b)(1). "The adjustment should be applied if the weapon was present, unless it is *clearly improbable* that the weapon was connected with the offense." U.S.S.G. § 2D1.1 application note 3 (emphasis added). The evidence in this case, including trial testimony, was that the defendant was known to carry the clique's firearm and that he even carried it during drug deals. This evidence is more than sufficient to warrant the enhancement and it should be applied.

**Obstruction of Justice Enhancement**

The defendant's objection to the enhancement for obstruction of justice is also without merit. Under U.S.S.G. § 3C1.1, the defendant should receive a two-level enhancement for obstruction of justice if

> (A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to (i) the defendant's offense of conviction and any relevant conduct; or (ii) a closely related offense.

U.S.S.G. § 3C1.1. The threatening and intimidating of witnesses is one example provided by the Guidelines that warrants this enhancement, U.S.S.G. § 3C1.1 application note 4, and the enhancement must only be proven by a preponderance of the evidence, *United States v. Kiulin*, 360 F.3d 456, 460 (4th Cir. 2004). MS-13 is well known for its efforts at witness intimidation through threats and violence; in one notable case in this courthouse, an MS-13 witness was

brutally murdered. The defendant's actions while incarcerated—namely, that he threatened and tried to intimidate a government witness from testifying—clearly justifies this enhancement.

### Drug Quantity

The presentence report properly found the defendant accountable for between 400 and 500 grams of cocaine. This is a fair estimate of the defendant's relevant conduct. At trial, the government presented ample evidence to support this finding, including the testimony of conspirators, law enforcement, and a drug customer. Taken as a whole, this evidence showed a continuous course of cocaine dealing by the conspiracy. This conspiracy was not limited to the Pinos clique, but involved their suppliers too. One of the clique's suppliers was known to obtain larger quantities of cocaine than just those sold to the Pinos clique. It thus was reasonably foreseeable to the defendant that this conspiracy involved over 400 grams of cocaine.

### Career Offender

The defendant also is not entitled to a reduction in his sentence based on his status as a career offender. The defendant does not contest that he has been convicted of two prior felonies involving a crime of violence or a controlled substance offense, which renders him a career offender under U.S.S.G. § 4B1.1. Rather, he claims that his sentence should be reduced because his "actual criminal history . . . is overrepresented pursuant to U.S.S.G. § 4A1.3" and because he "is not a 'heartland' career offender." Doc. 302 at 4-5. The Fourth Circuit, however, has emphasized that such departures "are reserved for the truly unusual case," *United States v. Adkins*, 937 F.2d 947, 952 (4th Cir. 1991), and the court has rejected sentence reductions in several cases involving career offenders, even post-*Booker*. *See, e.g.*, *United States v. Moreland*, 437 F.3d 424, 436-37 (4th Cir. 2006); *United States v. Green*, 436 F.3d 449, 457-60 (4th Cir. 2006); *United States v. Stockton*, 349 F.3d 755, 764-65 (4th Cir. 2003); *United States v. Pearce*,

191 F.3d 488, 497-98 (4th Cir. 1999); *United States v. Brown*, 23 F.3d 839, 841-42 (4th Cir. 1994), *abrogation on other grounds recognized by United States v. Hairston*, 96 F.3d 102, 106 (4th Cir. 1996).

It is not enough for the defendant to argue, for example, that his prior drug conviction involved a small quantity of drugs, or that he received probationary or suspended sentences for both of his prior offenses. See *Moreland*, 437 F.3d at 437 (rejecting two-thirds reduction from low end of career offender range where defendant "appears to be a small-time drug dealer"); *Stockton*, 349 F.3d at 764-65 (reversing downward departure where defendant received probationary sentences for two prior drug convictions); *Pearce*, 191 F.3d at 498 ("[W]e cannot conceive of any drug felony that would be considered minor" for purposes of departing from a career offender guideline range.); *Brown*, 23 F.3d at 841-42 (reversing downward departure based on finding that prior conviction involved a small quantity of drugs). Nor can the defendant credibly claim that his "prior convictions both occurred in a short time period when he was a youthful offender," Doc. 302 at 7; in fact, he committed the two prior offenses approximately four years apart at the age of 21 and 25, PSR ¶¶ 84, 86. See *Green*, 436 F.3d at 458-59 (rejecting downward departure where defendant committed prior offenses two weeks apart).

The defendant also claims that sentencing him to the career offender range would result in unwarranted sentencing disparities. This too is without merit. Congress has deemed offenders who have committed violent crimes or drug offenses "especially dangerous," *Adkins*, 937 F.2d at 952, and "[t]he career offender guideline seeks consistent treatment of all recidivists who fall within its provisions," *Brown*, 23 F.3d at 842 (internal quotation marks omitted). Indeed, failing to apply the career offender guideline in this case would create disparities with other career offenders who committed similar prior offenses as the defendant and who were sentenced within

the guidelines range.  Nor can the defendant claim disparate treatment with respect to other MS-13 members who have pleaded guilty in this case.  *See* Doc. 302 at 16-17.  None of those defendants qualified as career offenders or received the same enhancements as the defendant, and each received a reduction for acceptance of responsibility by pleading guilty.  As such, they were not "defendants with *similar records* who have been found guilty of *similar conduct*" within the meaning of 18 U.S.C. § 3553(a)(6) (emphases added).

### **Minor Role Reduction**

The defendant likewise argues that he is entitled to a minor role reduction under U.S.S.G. § 3B1.2(b). Application note 5 specifically sets forth that in order to be deemed a minor participant, the defendant must be less culpable than most other participants.  "[W]hether a role in the offense adjustment is warranted is to be determined not only by comparing the acts of each participant in relation to the relevant conduct for which the participant is held accountable, but also by measuring each participant's individual acts and relative culpability against the elements of the offense of conviction.  The critical inquiry is thus not just whether the defendant has done fewer 'bad acts' than his co-defendants, but whether the defendant's conduct is material or essential to committing the offense."  *United States v. Pratt*, 239 F.3d 640, 646 (4th Cir. 2001) (internal quotation marks omitted).

Here, the defendant's participation in the conspiracy was essential and significant.  His involvement included street level drug sales and assisting conspirators in their sales.  He was present at meetings when the drug dealing was discussed and the drugs were passed out to all members.  He was also well aware and committed to the purpose of using the proceeds from the drug sales to advance the goals of MS-13.  The defendant's role, moreover, was similar to the

other members of the conspiracy, who likewise received no role adjustment. Accordingly, the defendant has not met his burden of proving that a role reduction is warranted in this case.

### Illegal Alienage and Coercion/Duress

The defendant's remaining claims also are unavailing. The defendant is not entitled, for example, to a departure based on his illegal alienage. As the Fourth Circuit recognized in *United States v. Debeir*, 186 F.3d 561 (4th Cir. 1999), community confinement is not available in every case regardless of alienage, and a defendant must show that his "alien status had a direct adverse impact on his incarceration." *Id.* at 570; *see also United States v. Smith*, 27 F.3d 649, 655 (D.C. Cir. 1994) ("For a departure on such a basis to be reasonable the difference in severity must be substantial and the sentencing court must have a high degree of confidence that it will in fact apply for a substantial portion of the defendant's sentence."). Nor is there any basis in the record for concluding that the defendant committed his offense "*because of* serious coercion, blackmail or duress." U.S.S.G. § 5K2.12 (emphasis added). The defendant cannot point to the mere fact that MS-13 "is a violent gang that enforces its rules with deadly consequences against its own members if you do not go along." Doc. 302 at 12. If such a generalized threat was sufficient, then *every* MS-13 member would be entitled to a reduction under § 5K2.12.

Accordingly, for the reasons stated above and in the government's position on sentencing, the government requests that the defendant be sentenced to 327 months' imprisonment.

        Respectfully submitted,

        Neil H. MacBride
        United States Attorney

By:        /s/
        Jonathan L. Fahey
        Jeanine Linehan
        Inayat Delawala
        Assistant United States Attorneys
        Attorneys for the United States
        United States Attorney's Office
        2100 Jamieson Avenue
        Alexandria, VA 22314
        703-299-3700 (phone)
        703-299-3982 (fax)
        jonathan.fahey@usdoj.gov
        jeanine.linehan@usdoj.gov
        inayat.delawala@usdoj.gov

Dated: October 15, 2009

CERTIFICATE OF SERVICE

I certify that on October 15, 2009, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to the following:

Jerome Aquino
Jay Connell
Counsel to Gabriel Hosman Perez-Amaya
5901 Kingstowne Village Parkway, Suite 302
Alexandria, VA 22315

Michael Arif
Matthew Greene
Counsel to Rafael Parada-Mendoza
8001 Braddock Road, Suite 100
Springfield, VA 22151

John Iweanoge
Counsel to Jorge Parada
1026 Monroe Street, NE
Washington, DC 20017

By:      /s/
Inayat Delawala
Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
703-299-3700 (phone)
703-299-3982 (fax)
inayat.delawala@usdoj.gov